**ORIGINAL**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### Filed: June 26, 2015

**FILED**
**JUN 2 6 2015**
**U.S. COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| * * * * * * * * * * * * <br> ELENA KARBUSHEVA, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * | UNPUBLISHED <br> No. 13-040v <br><br> Chief Special Master Vowell <br><br><br> Attorneys' Fees and Costs; <br> Reasonable Amount Requested to which <br> Respondent Does not Object. |

Elena Karbusheva, Pro Se, Boise, Idaho
Simina Vourlis, Law Offices of Simina Vourlis, Columbus, OH, for petitioner.
Julia W. McInerny, United States Department of Justice, Washington, DC, for respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On January 11, 2013, Ms. Elena Karbusheva ("Ms. Karbusheva" or "petitioner") filed a petition, *pro se*, pursuant to the National Vaccine Injury Compensation Program,[2] alleging that she suffered from "Giana – Barre (sic) syndrome,[3] Landry's ascends paralyses[4] (sic), lupus, encephalopasy[5] (sic), high blood pressure, chronicle[6] (sic) hepatitis B and diabetes." Petition ("Pet.") at 1. Ms. Karbusheva states that these diseases occurred after she was vaccinated. Id. On October 24, 2013, a consent motion to substitute Attorney Simina Vourlis in place of Ms. Karbusheva was filed and granted. On April 24, 2014, a status conference was held. During the

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, this decision will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

[3] "Guillain-Barré syndrome"

[4] "Land's Ascending Paralysis"

[5] "Encephalopathy"

[6] "Chronic"

1

status conference, Ms. Karbusheva expressed her desire to terminate her attorney-client relationship with Ms. Vourlis. Ms. Vourlis's motion to withdraw from the case was granted. Petitioner proceeded with her case, pro se, until October 31, 2014, when thethe former special master assigned to this case entered a decision dismissing the petition for insufficient proof.

On June 15, 2015, respondent and petitioner's former counsel filed a Stipulation of Facts Concerning Attorney's Fees and Costs. According to the stipulation, respondent and petitioner's former counsel stipulate to a total award to petitioner of attorneys' fees and costs in the amount of $4,625.00. In lieu of filing a Vaccine General Order #9, petitioner's counsel stated that counsel did not advance any reimbursable costs in pursuit of this claim.[7] Petitioner's former counsel indicated that she had no information regarding Ms. Karbusheva's costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

In the form of a check jointly payable to petitioner, Elena Karbusheva, and to petitioner's attorney, Simina Vourlis, in the amount of **$4,625.00**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[8]

**IT IS SO ORDERED.**

*/s/ Denise K. Vowell*
Denise K. Vowell
Chief Special Master

---

[7] As no Vaccine General Order #9 was filed, this award does not include any costs petitioner may have incurred. If petitioner incurred such costs, such costs cannot be awarded as they would now be untimely.

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.