# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-040v
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
ELENA KARBUSHEVA,

    Petitioner,

  v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

Filed: February 26, 2016

Decision; Petitioner's Unreimbursed Costs.

*Ellen Karbusheva*, Boise, ID, *pro se* Petitioner.

*Julia W. McInerny*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## PETITIONER'S COSTS DECISION[1]

On January 11, 2013, Elena Karbusheva filed a petition seeking compensation under the National Vaccine Injury Compensation Program, alleging that she experienced a number of illnesses after receipt of several different vaccinations. The matter was dismissed for insufficient proof by the special master previously presiding over the case[2] on October 31, 2014. ECF Nos. 39 and 40.

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

[2] Chief Special Master Dorsey presided over the case until June 25, 2015, when it was transferred to former Chief Special Master Vowell. The matter was subsequently transferred to me on September 10, 2015. ECF No. 51.

On June 15, 2015, Petitioner's former counsel[3] filed (jointly with Respondent) a stipulation requesting a total award of attorney's fees and costs in the amount of $4,625. ECF No. 44. The stipulation did not request an award of reimbursable costs incurred by Petitioner, however, and did not include any statement pursuant to Vaccine General Order No. 9 setting forth such costs. Rather, Petitioner's former counsel merely represented that she lacked information about any costs personally incurred by Ms. Karbusheva.

The fees stipulation was entered by decision on June 26, 2015, and then published on July 20, 2015. ECF Nos. 47 and 48. In the decision, former Chief Special Master Vowell specifically noted that due to Petitioner's failure to file a General Order No. 9 statement, her decision did not award any unreimbursed costs to Petitioner, and that in fact "[i]f [P]etitioner incurred such costs, such costs cannot be awarded as they would be now untimely." ECF No. 48 at 2 n.7. No motion for review was filed, so judgment in the amount of the sum stipulated to was entered on August 3, 2015. ECF No. 49.

A month after judgment was entered, Ms. Karbusheva filed a letter in this matter. Letter, dated Sept. 1, 2015, filed Sept. 8, 2015 (ECF No. 50). The letter acknowledges receipt of information from the Court about fees (likely a copy of the fee decision from June), but appears to request an award of fees for Ms. Karbusheva's time spent in the matter, as well as personal costs incurred "for paper, ink for printer, envelops [sic]," and so on. *Id.* In effect, Petitioner is now attempting to obtain the reimbursable costs not requested at the time the fees stipulation was filed.

Petitioner's present costs request, however, is untimely. Not only did Petitioner fail to seek review of the June 26, 2015, decision in the 30 days provided by Section 12(e)(1), but the request would have been untimely even had it been sought in June of 2015 (as that date was itself well outside the 180-day period set for request of attorney's fees and costs, as observed by former Chief Special Master Vowell). *See* Vaccine Rule 13 (" [a]ny request for attorneys' fees and costs ... shall be filed no later than 180 days after the entry of judgment or the filing of an order concluding proceedings ..."); *Karbusheva v. Sec'y of Health & Human Servs.*, No. 13-040V, 2015 WL 4448069, at 1, note 7 (Fed. Cl. Spec. Mstr. June 26, 2015).

In addition, the September 2015 costs request is unsubstantiated with records establishing the costs incurred, and also asks for costs not permitted for *pro se* petitioners, such as Ms. Karbusheva's time spent on the matter. *See, e.g.*, *Kooi v. Sec'y of Dep't of Health & Human Servs.*, No. 05-438V, 2007 WL 5161800, at *5 (Fed. Cl. Spec. Mstr. Nov. 21, 2007) ("When medical

---

[3] Petitioner's former counsel moved to withdraw from representing Ms. Karbusheva on April 27, 2014 (ECF No. 26), and the motion was subsequently granted the next day (ECF No. 27). Ms. Karbusheva thereafter went forward as a *pro se* petitioner, and the matter was reclassified as a paper filing, with all notifications being mailed to Ms. Karbusheva.

record collection is done by petitioners it is non-compensable self-help. When the collection of medical records is done by the petitioners' attorneys it is considered compensable."); *see also Riley v. Sec'y of Dep't of Health & Human Servs.*, No. 90-466V, 1992 WL 892300, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 1992) (an attorney who brought a case on behalf of his own minor child could not receive compensation for work that he performed on the case). Moreover, Petitioner has not set forth grounds for relief from the judgment under the Court of Federal Claims Rule 60(b). *See* Vaccine Rule 36(a).

Accordingly, I hereby **DENY** as untimely Petitioner's costs request.

**IT IS SO ORDERED.**

_____
Brian H. Corcoran
Special Master